### 15038.   PROUDFIT v. BURNEY BROTHERS COMPANY.

STEPHENS, J.   1.   Where a gutter-pipe which drains the roof of a land-
lord's building overhangs the roof of a lower building of an adjacent
landowner, and by reason of a worn out and defective condition dis-
charges water upon its roof, the landlord's failure to repair the pipe so as
to prevent such discharge of water is not the proximate cause of dam-
age to the tenant from water leaking through from the landlord's roof
upon the tenant where the water had been caused to settle upon the roof
by the act of the adjoining landowner in stopping up and plugging the
opening from the landlord's roof into the gutter.   The landlord is not
liable upon the principle that the intervening act of the adjoining owner
in plugging the drains could have been foreseen, where the only notice
that the landlord had of the imminency of such act was notice from
the adjoining owner that he would, in the event of the landlord's failure
to repair the pipe, proceed to stop the water from damaging his prop-
erty, and the notice did not intimate that in so doing the adjoining
owner would plug the drain in the manner in which he did, or that he
would so remedy the situation as to cause the water to settle on the
landlord's roof.

2.   The notice given to the landlord by the owner of the adjoining building
that the drain-pipe was in a leaking condition, and that if the landlord
failed to repair it he would proceed to stop the water from dam-
aging his property, constituted no notice of any future defect in the
rented premises, afterwards created by ·the act of the adjoining owner
in stopping the drain-pipe and causing water to accumulate on the
landlord's roof.   Since the adjacent owner's notice to the landlord of his
intention to remedy the defect in the gutter-pipe, so as to prevent the
water from damaging his property, was not notice of any existing defect
in the rented premises, and contained no intimation that in so doing
the landlord's roof would be rendered defective, such declared intention
was not sufficient to create any duty on the part of the landlord to
anticipate that his premises would be rendered defective by any act
of the adjacent owner.   The landlord therefore was not placed under a
duty to watch the actions of the adjoining owner in anticipation and
apprehension that the latter would do some act to render the landlord's
premises defective.

3.   Where under such conditions the landlord had no notice of the defective
condition in the roof which caused the water to accumulate thereon
to the tenant's damage, the landlord owed no duty to the tenant, and
the tenant had no cause of action against the landlord for damage
caused to the tenant's property by water leaking thereon from the roof.
In a suit by the tenant against the landlord, to recover for such dam-
age, the court erred in overruling the defendant's general demurrer to
the petition.

*Judgment reversed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 2, 1924.

Action for damages; from city court of Macon—Judge Gunn.
August 20, 1923.

Application for certiorari was denied by the Supreme Court.

*Ryals & Anderson*, for plaintiff in error.

*E. W. Maynard* and *Powers & Powers*, contra.